**MAXWELL & MORGAN, P.C.**
PIERPONT COMMERCE CENTER
4854 EAST BASELINE ROAD, SUITE 104
MESA, ARIZONA 85206
TELEPHONE: (480) 833-1001
FAX: (480) 969-8267
EMAIL: MAIL@HOALAW.BIZ

CHAD M. GALLACHER - STATE BAR NO. 025487
*Attorneys for Secured Creditor/Defendant*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT ALLEN WOLLNER,<br><br>Debtor. | Chapter 7 Proceedings<br><br>No. 2-20-bk-00841-DPC<br><br>Adv. Case No.: 2:20-ap-00195-DPC |
| ROBERT ALLEN WOLLNER,<br><br>Plaintiff,<br><br>vs.<br><br>THE SPANISH HILLS CONDOMINIUM ASSOCIATION, an Arizona nonprofit corporation,<br><br>Defendant. | **SECURED CREDITOR THE SPANISH HILLS CONDOMINIUM ASSOCIATION'S MOTION TO DECLARE ROBERT WOLLNER A VEXATIOUS LITIGANT**<br><br>**(Oral Argument Requested)** |

Pursuant to A.R.S. § 12-3201, The Spanish Hills Condominium Association (the "Association"), hereby moves to declare Debtor Robert Wollner ("Wollner" or "Debtor") a vexatious litigant. At oral argument on the Association's Motion to Dismiss this Adversary Proceeding, the Association advised this Court that the Association would likely be willing to

forego its pursuit of having Wollner declared a vexatious litigant if Wollner would refrain from filing frivolous, emergency motions seeking to stop the Sheriff's Sale that was scheduled to take place on January 7, 2021. Wollner did not file any emergency motions or proceedings that attempted to stop the sale. As such, the Sheriff's Sale did take place on January 7, 2021 and the property sold to a third party. However, since the January 7, 2021 Sheriff's Sale, Wollner has filed four additional Motions before this Court, demonstrating that he intends to continue to cause the Association to incur as much in attorneys' fees as he can. Additionally, in connection with the January 7, 2021 Sheriff's Sale, Wollner reported to two separate investors who were interested in purchasing the property prior to the sale, that Wollner intended to continue bringing claims against the Association even after the sale, during his six-month redemption period, in an effort to continue to harass. As such, the Association feels compelled to bring this request to declare Wollner a vexatious litigant.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

Plaintiff lives in a small community in Phoenix, Arizona called The Spanish Hills Condominiums. The Spanish Hills Condominiums are managed and maintained by the Spanish Hills Condominiums Association ("Association"). Plaintiff has sued the Association ten times in the Maricopa County Superior Court and once through the Department of Real Estate pursuant to A.R.S. § 41-2198. In each of the following cases, Robert Wollner was the Plaintiff and the Association was the Defendant: CV2008-050407; CV2010-051367; CV2010-052590; CV2015-051440; CV2016-052150; CV2016-054844; CV2017-053280; CV2017-055584; CV2019-053721; and CV2019-053610. Despite Plaintiff's numerous

attempts to attack and harass the Association, Plaintiff has never prevailed in any of the lawsuits or administrative proceedings he has brought against the Association.

The Association has been represented by the law firm of Maxwell & Morgan, P.C., since 2015. In 2016, after the Association's lien against Wollner's property ripened for foreclosure, the Association filed the Foreclosure Lawsuit seeking to recover from Wollner the amounts he owed the Association. (*See* CV2016-090516, Spanish Hills Condominiums Association v. Wollner.) Wollner had failed to pay all assessments that were levied against his account by the Association, and as such, the Association filed the Foreclosure Lawsuit to foreclose its lien for unpaid assessments and related charges against Plaintiff's property. (*See* Judgment on Foreclosure attached hereto as Exhibit "1".) After two years of litigating, the Association's Foreclosure Lawsuit was set for a bench trial. (*See id.*) Trial was held on March 6, 2018. (*See id.*) At the bench trial, the Association proved that Wollner had failed to pay assessments, and that as a result, the late charges, collection fees, and legal fees incurred were secured by the Association's lien. (*See* Findings of Fact and Conclusions of Law in Case No. CV2016-090516 attached hereto as Exhibit "2".) Judgment foreclosing Wollner's property was entered on May 15, 2018. (*See* Exhibit "1".)

Wollner appealed the judgment of foreclosure to the Arizona Court of Appeals. (*See* Ruling from Arizona Court of Appeals attached hereto as Exhibit "3".) After review of the memorandum filed by Wollner and the Association, the Arizona Court of Appeals affirmed the judgment of the Superior Court and awarded the Association its fees and costs on appeal. (*See id.*) Following the opinion by the Arizona Court of Appeals, Wollner appealed the Foreclosure Lawsuit to the Arizona Supreme Court. (*See* Order Denying Petition for Review

- 3 -

attached hereto as Exhibit "4".) The Supreme Court rejected Wollner's Petition for Review. (*See* Exhibit "4".)

Meanwhile, as Wollner's appeal of the foreclosure judgment was proceeding, Wollner re-commenced filing motions before the Superior Court seeking to re-open and re-litigate the exact issues resolved by trial and affirmed on appeal. As such, the Superior Court issued an order advising Wollner that the Court would take no action on any motion he filed and that the Association was not required to respond to any motion he filed. (*See* May 20, 2019 Minute Entry and January 6, 2020 Minute Entry attached hereto collectively as Exhibit "5".) Wollner then tried to file a new lawsuit against the Association in an attempt to shop for a new judge, without any historical knowledge of his antics, in a hope that he might find a sympathetic ear if he concealed that these issues have been resolved, *res judicata*. (*See* Order of Dismissal in CV2019-053610 attached hereto as Exhibit "6".) Wollner's efforts were rejected again and the matter was dismissed. (*See id.*)

Wollner also approached the lien foreclosure issue from the position of claiming that he should be on the Board of Directors for the Association so that he could vote to stop the foreclosure. He sued the Association to that end in Case No. CV2017-055584. As indicated above, the Association prevailed in the matter and was awarded a judgment against Wollner. (*See* Judgment in Case No. CV2017-055584 attached hereto as Exhibit "7".) Wollner appealed the judgment against him to the Arizona Court of Appeals where the judgment was affirmed and the Association was awarded its attorneys' fees and costs. (*See* Opinion from Court of Appeals in CV2017-055584 attached hereto as Exhibit "8".)

Consequently, having lost the Foreclosure Lawsuit on the merits, having exhausted all appellate options, having been thwarted in his effort to place himself on the Board where he could control the Foreclosure Lawsuit, and having been rebuked by the Superior Court in his attempt to re-litigate fully resolved issues, Wollner turned his efforts to pursuing lawsuits against the Law Firm of Maxwell & Morgan, which represented the Association it its litigation involving Wollner. Wollner filed Case No. CV2020-051282 attempting to target the law firm that represented the Association in the Foreclosure Lawsuit (hereafter "First Harassing Lawsuit"). (*See* May 8, 2020 Minute Entry attached hereto as Exhibit "9".) The Superior Court dismissed the First Harassing Lawsuit with the following explanation: "To the extent that Plaintiff's Complaint seeks to re-litigate the facts of the Foreclosure Action, those theories are not appropriate for a new cause of action, as the appeal on those claims is complete." (*See* Exhibit "9".) The Superior Court in the First Harassing Lawsuit, however, provided Plaintiff with the opportunity to amend the Complaint to plead fraud with particularity, if Plaintiff was attempting to do so. (*See id.*) Plaintiff was given until May 26, 2020 to file his Amended Complaint in the First Harassing Lawsuit but failed to do so. (*See id.*)

Wollner also filed Case Nos. CV2020-051091 and CV2020-051478 both against Maxwell & Morgan continuing his attempt to harass those involved in the foreclosure of the Association's lien against his property and to re-litigate the issues involved in the lien foreclosure matter. At oral argument on Wollner's third harassing lawsuit against the law firm of Maxwell & Morgan, the Honorable Sally Duncan admonished Wollner against continuing to file frivolous lawsuits and motions before the Court. The Honorable Sally

- 5 -

Duncan explained to Wollner, *sua sponte*, that he was very close to being declared a vexatious litigant for his filing practices. (*See* August 25, 2020 Minute Entry attached hereto as Exhibit "10".) Wollner also appealed the judgment of dismissal as to his claims against Maxwell & Morgan, but abandoned his appeal. (*See* Notice of Abandonment of Appeal attached hereto as Exhibit "11".)

In addition to his State Court antics, Wollner also filed a No Asset, Chapter 7 Bankruptcy proceeding on January 24, 2020. On February 24, 2020 Wollner filed the First Adversary proceeding against the Association under Case No. 2:20-ap-00045-DPC ("First Adversary"), which this Court dismissed. In its ruling dismissing the First Adversary, this Court held that the First Adversary should be dismissed pursuant to the doctrine of *Res Judicata* because (1) the claims raised in the First Adversary were already litigated in the Maricopa County Superior Court, (2) a final judgment on the merits had been entered in the State-Court litigation, and (3) the identity or privity between the parties in the two suits were the same. (*See* Order of Dismissal attached hereto as Exhibit "12".) Additionally, this Court held that the Rooker-Feldmen doctrine prevented the Federal Bankruptcy Court from reviewing issues already decided by the Maricopa County Superior Court. (*See* Exhibit "12".) Finally, this Court also addressed Debtor's contention that the Association's lien could be avoided, and held that Debtor's Chapter 7 Bankruptcy would not result in avoidance of the Association's lien. (*See* Exhibit "12".) As such, Wollner's First Adversary was yet another attempt to re-litigate issues long decided in the Superior Court and for which Wollner had been admonished that he was on the verge of being declared a vexatious litigant.

Following dismissal of the First Adversary, Debtor filed this second Adversary Proceeding under Case No. 2:20-ap-00195-DPC, currently before this Court ("Second Adversary"). Wollner's Second Adversary was yet another attempt to re-open and seek reconsideration of the issues litigated *ad nauseam* regarding the Association's lien. The Second Adversary was also properly dismissed. (*See* Order of Dismissal attached hereto as Exhibit "13".)

Following dismissal of the Second Adversary, Wollner filed four more motions in quick succession seeking to address the Association's foreclosure of its lien in other ways and avoid foreclosure. Wollner filed a "Motion to Deny Defendant's Request for a Declaration that Wollner be Found a Vexatious Litigant", "Request for Clemeny from Mike Pence, Vice President of the United States Before Leaving Office", "Request for Clemency from President Donald J. Trump Before Leaving Office", and "Motion to Compel Production of Documents." Each of these Motions and filings had the same goal at its end: to frustrate the Association's long adjudicated right to pursue the remedy of foreclosure. These four filings are currently pending and will require the Association to incur significant expense responding to them despite the fact that any issues raised in them have already been decided.

In addition to the foregoing, the Association was contacted by two independent investors prior to the January 7, 2021 Sheriff's Sale. Each of the investors proposed to purchase the Association's rights in the property as well as Wollner's rights in the property prior to the Sheriff's sale if the Association would accept slightly less than they would otherwise receive at the sale. As part of these two proposals, each investor indicated they would pay Wollner $15,000.00 in addition to the amounts paid to the Association. The

Association agreed to the proposal provided Wollner would sign a release affirming that he would stop pursuing the Association in Court. After discussing the proposal with Wollner, the first investor advised that Wollner "feels that his best interest is to move forward with his motions." (*See* Email correspondence attached hereto as Exhibit "14".) The second investor who approached the Association with the proposal provided a slightly more detailed description of her interactions with Wollner. The second investor advised as follows: "[Wollner] insists that after the sheriff's sale he will receive a 6 month redemption period wherein he will pursue legal action against the HOA. He insists that he has paid all of his HOA obligations." (*See* Email Correspondence attached hereto as Exhibit "15".) Consequently, Wollner has repeatedly filed, in every conceivable venue, lawsuits and motions seeking to re-litigate issues that have been decided with finality. Even after the sale, he continues to do so with the filing of four separate motions that require response from the Association. Additionally, Wollner expressly threatened to use the six-month redemption period as a time to pepper the Association with motions and to continue to pursue claims that have already been adjudicated as non-existent. As such, the Association feels compelled to pursue this Motion to Declare Wollner a vexatious litigant.

## II. LEGAL ARGUMENT.

### A. Wollner Should be Declared a Vexatious Litigant and Prevented from Future Court Filings.

A.R.S. § 12-3201 sets forth the authority for the Court to declare a *pro se* litigant vexatious. A.R.S. § 12-3201 provides in pertinent part as follows:

> A. In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.

- 8 -

Case 2:20-ap-00195-DPC   Doc 27   Filed 01/19/21   Entered 01/19/21 17:41:50   Desc
Main Document    Page 8 of 14

> B. A pro se litigant who is designated a vexatious litigant may not file a new pleading, motion or other document without prior leave of the court.
> C. A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.
> ...
>
> E. For the purposes of this section:
> 1. "Vexatious conduct" includes any of the following:
> (a) Repeated filing of court actions solely or primarily for the purpose of harassment.
> (b) Unreasonably expanding or delaying court proceedings.
> (c) Court actions brought or defended without substantial justification.
> (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
> (e) A pattern of making unreasonable, repetitive and excessive requests for information.
> (f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

A.R.S. § 12-3201. As such, Arizona law confirms that *pro se* litigants can be appropriately prevented from filing frivolous motions or lawsuits if a showing can be made that such a litigant is vexatious.

Even before A.R.S. § 12-3201 was codified, Arizona Courts were faced with settling the question of how vexatious litigants should be handled. "Arizona courts possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 14, 279 P.3d 633, 639 (Ct. App. 212). Arizona has adopted the following standards for declaring a person a vexatious litigant in order to ensure that access to courts is not inappropriately infringed or curtailed. A party should be declared a vexatious litigant under the following circumstances:

> (1) the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make "substantive findings as to the frivolous and harassing nature of the

litigant's actions", and (4) the order "must be narrowly tailored to closely fit the specific vice encountered."

*Madison*, 230 Ariz. at 14, 279 P.3d at 639. However, if these circumstances arise in a particular matter involving a particular party, such a party should be declared a vexatious litigant pursuant to A.R.S. § 12-3201.

Debtor has sued the Association ten times in Maricopa County Superior Court, once through the Department of Real Estate as an administrative proceeding, two additional times in Bankruptcy Court and has also sued the law firm that represented the Association in three separate matters. (*See* the following cases: CV2008-050407; CV2010-051367; CV2010-052590; CV2015-051440; CV2016-052150; CV2016-054844; CV2017-053280; CV2017-055584; CV2019-053721; and CV2019-053610.) Of the ten lawsuits and one administrative proceeding Mr. Wollner has filed against the Association, two adversary proceedings in Bankruptcy and three lawsuits against the Association's law firm, he has never once been the prevailing party. Case Numbers CV2010-051367, CV2010-052590, CV2016-052150, CV2016-054844, CV2017-053280, CV2017-055584, and CV2019-053610 resulted in a judgment in favor of the Association with an award of attorney's fees against Debtor. Case Numbers CV2008-050407, CV2015-051440, as well as Administrative Case No. HO 15-15/015 resulted in dismissal without judgment. And both Wollner's Adversary Proceedings were also dismissed. Additionally, the three lawsuits brought against the Association's law firm were also dismissed as meritless.

Moreover, Debtor has acknowledged that his litigious campaign is an attempt to harass the Association and to gain leverage with the Association to compel the Association to settle the underlying Foreclosure Lawsuit with him. On June 17, 2019, the Association received

correspondence from Debtor offering to stop filing frivolous lawsuits against the Association if the Association would forebear execution on the foreclosure judgment it obtained and give him $40,000 from the sale of the property. (*See* Debtor correspondence attached hereto as Exhibit "16".) In his June 2019 correspondence, Debtor threatened the Association advising that if the Association rejected his proposal, the Association subject to be victim to "more lawsuits that the HOA cannot afford". (*See* Exhibit "16".) Debtor further threatened the Association saying that he knew "[t]he HOA does not have money for these lawsuits." (*See* Exhibit "16".) The message of Debtor's June 17, 2019 correspondence was clear: if the Association did not forebear on pursuing a sheriff's sale to recover the money Debtor owes, Debtor would bring additional frivolous lawsuits against the Association that the Association could not afford. Tellingly, Debtor filed two new lawsuits against the Association days after threatening additional litigation if his demands were not met. (*See* Case No. CV2019-053721 filed June 25, 2019; *see also* Case No. CV2019-053610 filed June 19, 2019.) Debtor's use of the judicial system in both State Court and in Bankruptcy is unacceptable and constitutes an egregious abuse of the judicial process.

Debtor has repeatedly demonstrated bad faith in his filings. Recently, Wollner filed an emergency Motion to Expunge his Bankruptcy Discharge so that the automatic stay would reinstate and prevent the Association from proceeding with the January 7, 2021 Sheriff's Sale. The motion was not taken in good faith as Wollner acknowledged that he was not actually interested in a Bankruptcy discharge, but merely wanted perpetual protection from the automatic stay even though he had already been advised by this Court that the Association's lien would survive his Bankruptcy. (*See* Motion to Cancel, Expunge, Nullify

- 11 -

and Invalidate the Order of Discharge in the Court record.) In the same manner, Wollner's filings in the Second Adversary demonstrate that he is intentionally filing documents that he knows are meritless and that relate to matters that have long been decided in order to delay the Association's foreclosure process and to cause expense for the Association. This is a blatant abuse of the Court system and should not be tolerated.

Among the four motions filed subsequent to the January 7, 2021 Sheriff's Sale, the Motion to Compel Production of Documents is another glaring example of Wollner's abuse of the Court system. First of all, Wollner never served any request for production in connection with the now-dismissed adversary proceeding in which he has filed his Motion to Compel. As such, a Motion to Compel is wholly improper. Additionally, according to the CC&Rs, a Certificate of Payment is merely a statement identifying the amount owed by a homeowner. As such, the Writ of Special Execution filed in this matter to schedule the Sheriff's Sale, which Wollner received, constituted a Certificate of Payment. Moreover, Wollner has repeatedly been provided with Certificates of Payment as he requested. In fact, Wollner brought a separate lawsuit in Maricopa County Superior Court, Case No. CV2017-053280 for the sole purpose of obtaining a Certificate of Payment. (*See* Complaint in CV2017-053280 attached hereto as Exhibit "17".) The Court in that matter evaluated Wollner's request and found the following: "The Court Further Finds that this matter has already been litigated and decided by the Honorable David Udall." (*See* Minute Entry in CV2017-053280 attached hereto as Exhibit "18".) Consequently, Wollner's recently filed Motion to Compel constitutes and abuse of the judicial system and an attempt to re-litigate issues already resolved in that he sought to compel the Association to provide him with a

Certificate of Payment, when he has been provided multiple Certificates of Payment and even filed a separate lawsuit over the issue.

Wollner's history with the Association unquestionably demonstrates that he has complete disregard for the principle of *res Judicata* and that his sole interest is to prolong and delay the Association's ability to execute on its lien as well as to cause the Association to incur as much in attorneys' fees as he can. Wollner's recent filings currently pending demonstrate that he is continuing with his abusive litigation tactics. Moreover, Wollner's communication with investors who were attempting to negotiate a resolution with respect to the sale of his property confirm that Wollner intends to continue to abuse the judicial system and the Association by pursuing frivolous and redundant motions and filings.

A.R.S. § 12-3201 was drafted to prevent litigants like Wollner from using the judicial system to abuse and harass opposing parties as he is admittedly doing. Debtor is a textbook vexatious litigant. The Association requests that this Court enter an order declaring Debtor to be a vexatious litigant and preventing him from filing future lawsuits, including adversary proceedings, and motions without expressed permission from this Court.

### III. CONCLUSION.

Based upon the foregoing, this Court should declare Wollner to be a vexations litigant and enter an order preventing him from filing additional lawsuits, motions and court filings absent express permission from this Court. The Association also seeks an award of its attorneys' fees incurred in this matter pursuant to Rule 7054, Federal Rules of Bankruptcy Procedure and Rule 54(d), Federal Rules of Civil Procedure.

- 13 -

RESPECTFULLY SUBMITTED this 19th day of January, 2021.

**MAXWELL & MORGAN, P.C.**

By *[signature]*
Chad M. Gallacher, Esq.
4854 East Baseline Road, Ste. 104
Mesa, Arizona 85206
*Attorneys for Secured Creditor/Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, I electronically transmitted the attached document to the United States Bankruptcy Court, District of Arizona, using the CM/ECF System for filing, with a transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Honorable Daniel P. Collins
United States Bankruptcy Judge
230 N. 1st Avenue, Ste. 101
Phoenix, Arizona 85003

Robert Wollner
2423 E. Tracy Ln., #2
Phoenix, AZ 85032
*Debtor Pro Se*

David M. Reaves
PO Box 44320
Phoenix, Arizona 85064-4320
*Trustee*

/s/ VG